AUGUST G. MANSFIELD, APPELLEE, V. STEPHEN D.
AVERY ET AL., APPELLANTS.

Pleading: ANSWER.  Where an answer puts in issue the truth of
the material facts stated in the petition, a demurrer to the an-
swer should be overruled.

APPEAL from the district court of Boone county.  Heard
below before TIFFANY, J.

*Lamb, Ricketts & Wilson,* for appellants.

*Miller & Price,* for appellee.

MAXWELL, J.

This action was brought in the district court of Boone
county to have a mortgage of certain real estate in that
county canceled of record and declared satisfied.    It is
alleged in the petition that the promissory note which the
mortgage was given to secure " was duly paid, the debt
discharged, and satisfaction of said mortgage entered upon
the margin of the record thereof, in the words and figures
following, to-wit: ,

"ALBION, July 26, 1873.
" Having this day received satisfaction for the within
mortgage, I hereby cancel this mortgage.
" Signed,                    W. H. PRESCOTT."

That " said satisfaction is insufficient in this, it is not
attested by the county clerk or his deputy as a subscribing
witness, as required by law."  To this petition the defend-
ant Prescott filed an answer, to which the plaintiff de-
murred, and the demurrer was sustained and a decree
entered in favor of the plaintiff.  The sole question pre-
sented is the sufficiency of the answer.  The following is
a copy thereof:

"Comes now the defendant W. H. Prescott, and for his separate answer to the plaintiff's petition herein filed says, that he admits that on the 15th day of October, 1872, S. G. Avery executed and delivered to this defendant a mortgage on the south-west quarter of section twenty-two of township number twenty north, of range number six west, situated in the county of Boone, and state of Nebraska, to secure the payment of the sum of one hundred and ninety dollars then due and owing plaintiff, as alleged in the petition; admits that said mortgage was duly recorded in the records of mortgages in said county of Boone, and state of Nebraska. This defendant denies each and every other allegation in said petition contained; this defendant further answering says, that he expressly denies that the said sum so due and owing the defendant from the defendant S. D. Avery, the payment of which was secured to this defendant by said mortgage, was paid to this defendant on the 26th day of July, 1873, or at any other time, and alleges the fact to be that the said sum so due and owing this defendant from said Avery, and secured by said mortgage, remains wholly unpaid, and the said Avery and the said mortgage are in equity, good conscience, and good morals still bound for the payment of said sum together with the lawful interest thereon; and this defendant further answering says, that he expressly denies that he ever released the said mortgage, denies that the signature attached to the pretended release of mortgage on the margin of the record thereof is the signature of this defendant; and this defendant alleges the fact to be that he did not sign his name to said pretended release on the 26th day of July, 1873, or at any other or different time, nor yet did he authorize, empower, instruct, or otherwise direct any person whomsoever to sign his name to said pretended release, and defendant further alleges that the handwriting of said pretended release and the name of W. H. Prescott written thereunder are not, nor yet either of them, in the

Mansfield v. Avery.

handwriting of the defendant, nor was the said pretended release or the name attached thereto written upon the margin of said record with the knowledge or consent or by procurement of this defendant; that the name of the defendant written under the pretended release of said mortgage on the margin of the record of said mortgage is a forgery of the name of this defendant by some person to this defendant unknown; and this defendant further says that he had no knowledge whatever of said pretended release or said forgery until after the bringing of this action. Defendant further alleges that it would be inequitable and obnoxious to good conscience and good morals to declare the said mortgage canceled, annulled, or removed as a cloud upon the title of said premises without payment to this defendant of the amount due and owing this defendant and secured to him by the said mortgage."

The answer states a defense to the action. It is denied therein that the note in question had been paid or the mortgage released, and it is alleged that the purported release of the same on the record was made without authority and is a forgery. For the purposes of the demurrer these statements must be taken as true and they put in issue the facts upon which relief is sought in the action. The judgment of the district court is reversed and the cause is remanded for further proceeding.

REVERSED AND REMANDED.

THE other judges concur.